UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Karen Dixon** | : | **COMPLAINT** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **TRIAL BY JURY DEMANDED** |
| | : | |
| **Bernardo Motors, LLC and** | : | |
| **Persian Acceptance Corp.** | : | |
| Defendants | : | **NOVEMBER 11, 2011** |

## I. INTRODUCTION

This is a suit brought by a consumer residing in Connecticut regarding the financed purchase of a motor vehicle. Plaintiff brings this action against Bernardo Motors, LLC ("Bernardo") and Persian Acceptance Corp. ("Persian") for violating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Equal Credit Opportunity Act, 15 U.S.C.§ 1691*et seq* ("ECOA"), and for pendent state claims for violations of the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq* ("CUTPA"), and for breach of contract.

## II. PARTIES

1. Plaintiff is a consumer and natural person residing in New Haven, Connecticut.

2. Defendant Bernardo is a Connecticut limited liability company that operates an automobile dealership in Hamden, Connecticut.

3. Defendant Persian is a New Hampshire corporation with a principal place of business in that state, and it is licensed with the Connecticut Department of Banking as a sales finance company.

### III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over Bernardo because it is a Connecticut limited liability company that regularly conducts business in this state.

6. This court has jurisdiction over Persian because it regularly conducts business in this state.

7. Venue in this court is proper, because Plaintiff and Bernardo reside in Connecticut, and the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS AND CAUSES OF ACTION

8. Bernardo regularly extends credit to purchasers of motor vehicles by entering into retail installment sales contracts with consumers.

9. In some instances, Bernardo retains the retail installment sales contracts and collects payments from consumers, and in other instances, Bernardo obtains preapproval of credit applications from third party sales finance companies such as Persian, who accept assignment of the retail installment sales contracts from Bernardo.

10. In early May 2011, Plaintiff went to Bernardo and expressed interest in purchasing a 2005 Chrysler Pacifica (the "Vehicle") for personal, family, and household use.

11. Plaintiff informed Dave Taylor, an authorized representative of Bernardo, that she could pay approximately $1,600 down for the Vehicle and that she would need to finance the balance of the cost.

12. Plaintiff completed a credit application, which Bernardo forwarded to Persian, who agreed to accept assignment of a retail installment sales contract for the purchase of the Vehicle.

13. On May 17, 2011, the secretary at Bernardo presented Plaintiff with a retail installment sales contract (the "Contract") for the purchase of the Vehicle.

14. Plaintiff noticed that the Contract required her to pay $2,000 down, which was more than she had expected based upon her prior conversations with Dave Taylor.

15. The secretary at Bernardo called Dave Taylor and put him on the speaker phone, and Mr. Taylor told the Plaintiff that Persian charged a $1,200 fee for accepting assignment of Contract, that he was absorbing $800 of that cost, and that he had added $400 to the downpayment, which would be Plaintiff's share of the cost of financing the Vehicle through Persian.

16. Plaintiff agreed to sign the Contract, although she did not have the additional $400 at that time, and she agreed that she would return on May 20 to pay the balance, and she was told that she could retrieve the Vehicle at that time.

17. Although Plaintiff signed the Contract on May 17 and was not to receive the Vehicle until May 20, the Contract was backdated to May 12.

18. The Contract did not disclose the additional $400 that was Plaintiff's portion of Persian's fee for accepting assignment of the Contract as part of the finance

charge, even though this $400 would not have been charged to her in a cash transaction.

19. The Contract included a charge of $298 that was purportedly for "Single Interest Insurance", which charge was not included as part of the finance charge, even though this $298 would not have been charged to her in a cash transaction.

20. Bernardo informed Plaintiff that the Vehicle was not ready for delivery on May 20.

21. On May 23, Persian automatically withdrew the first installment payment in accordance with the schedule of payments listed in the Contract from Plaintiff's bank account.

22. The Vehicle was never delivered to Plaintiff.

23. Bernardo and Persian both revoked the granting of credit that they had previously extended to Plaintiff without providing her notice of the adverse action.

24. Bernardo failed to promptly refund to Plaintiff the amounts that she had paid to it under the Contract.

25. Persian failed to promptly refund to Plaintiff the amounts that she had paid to it under the Contract.

26. Notwithstanding that Plaintiff never received delivery of the Vehicle, on June 9, 2011, Persian sent Plaintiff a collection notices that unfairly and deceptively demanded that she make payment under the Contract.

27. Bernardo is liable to Plaintiff under TILA because the APR is significantly higher than the amount disclosed due to the backdating of the contract and the failure

4

to extend the credit as of the date of the contract and because the $400 charge for acceptance of the Contract by Persian was not included as part of the finance charge.

28. Bernardo and Persian are liable to Plaintiff under TILA because the cost labeled as "Single Interest Insurance" was not included as part of the finance charge.

29. Bernardo and Persian are liable to Plaintiff under the ECOA for their failure to provide an adverse action notice as required by that statute.

30. Persian is liable to Plaintiff under the CCPA for making false and deceptive statements in the June 9, 2011 letter.

31. Bernardo and Persian are liable to Plaintiff for breach of the Contract.

32. Bernardo and Persian both violated CUTPA as described above, and Plaintiff has suffered an ascertainable loss in the form of the wrongful withholding of her money, transportation costs incurred in repeated trips to Bernardo, and being deprived of the benefit of the Contract.

**Wherefore, Plaintiff claims**, actual damages, statutory damages of $2,000 pursuant to TILA, punitive damages of up to $10,000 under ECOA, statutory damages of up to $1,000 pursuant to the CCPA, and punitive damages pursuant to CUTPA. Plaintiff also seeks a reasonable attorney's fee as recoverable under all of her statutory claims and pursuant to Conn.Gen.Stat.. § 42-150bb.

**PLAINTIFF, KAREN DIXON**

By: /s/Daniel S. Blinn
Daniel S. Blinn, ct02188
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com